FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JAN -4 PM 3: 4
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 311-006 |
| | ) | |
| MAURICE M. ONEAL | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Maurice M. Oneal is before the Court charged with one count of Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. no. 1, Indictment.) On July 10, 2011, defense counsel filed a "Motion to Determine Mental Competence of Defendant," (doc. no. 12), and on July 14, 2011, the Court ordered that Defendant be placed in a facility to be designated by the United States Bureau of Prisons to undergo a mental examination (doc. no. 15). Dr. Jorge Luis, licensed forensic psychologist, prepared an extensive forensic report providing specific details about all aspects of the forensic evaluation conducted at the Federal Detention Center in Miami, Florida. Dr. Luis's report was provided to the Court and to counsel for both the government and for Defendant. (Doc. no. 23, filed under seal on Nov. 28, 2011.) The Court then set the matter down for a hearing on December 21, 2011.

### I.    THE HEARING

Dr. Luis testified for the government at the December 21, 2011 hearing. Upon presentation of his credentials and without objection from the defense, the Court accepted Dr. Luis as an expert. Dr. Luis then provided extensive testimony, subject to cross-

examination by defense counsel, concerning the findings in his forensic report. After approximately one and a half months of observation, evaluation, and testing of Defendant at the Federal Detention Center, Dr. Luis recommended in his forensic report that Defendant "be found Competent to Stand Trial." (Doc. no. 23, p. 9.) More particularly, Dr. Luis stated,

> Mr. Oneal is able to understand the nature and consequences of the proceedings against him at this time. His current mental state is stable. While the true extent of his legal knowledge and abilities was difficult to determine given his lack of candor, he demonstrated no active mental states that would interfere with his rational understanding of the proceedings or his ability to assist toward his defense. Furthermore, despite his uncandid presentation, the defendant demonstrated a rational and factual understanding of the legal proceedings against him and demonstrated the ability to assist his counsel on his defense.

(Id.) Indeed, lack of candor, feigned presentation, and inconsistent accounts from Defendant during his evaluation are recurrent themes throughout the forensic report.[1] (Id. at 3, 6, 7, 8.)

Although the defense did cross-examine Dr. Luis, no evidence was offered by the defense to contradict Dr. Luis's finding of competency.

## II. ANALYSIS

The issue before the Court is whether Defendant is competent to stand trial, even though the scope of the Court's Order for a psychiatric examination order was much broader. Title 18 U.S.C. § 4241 provides the standard for determining competency and the consequences for a finding of competency. In pertinent part, the Code section provides:

---

[1] As the report succinctly summarized, "Mr. Oneal's psychological test results suggest the defendant is intentionally misrepresenting psychological and neurocognitive impairment. Overall, Mr. Oneal appears to be malingering these problems due to his perception that he might avoid entirely, or receive diminished repercussions for his alleged criminal behavior." (Doc. no. 23, p. 7.)

2

> **(d) Determination and disposition.**--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).

On numerous occasions, the Supreme Court has recognized that "the criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (citing Medina v. California, 505 U.S. 437, 453 (1992); Drope v. Missouri, 420 U.S. 162, 171-72 (1975); Pate v. Robinson, 383 U.S. 375, 378 (1966)). The Eleventh Circuit has suggested a two-part analysis to evaluate competency to stand trial: "(1) determination of whether the defendant suffered from a 'clinically recognized disorder,' and, (2) if so, whether the disorder caused the defendant to be incompetent." James v. Singletary, 995 F.2d 187, 188 (11th Cir. 1993) (*per curiam*) (citing Bundy v. Dugger, 850 F.2d 1402, 1408 (11th Cir. 1988)). As to the second prong of the test, a defendant is considered competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and . . . a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (*per curiam*); see also United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (*per curiam*) (recognizing Dusky competency standard). Here, viewing the information in Dr. Luis's report in light of the above standards, and recognizing that Defendant did not offer any evidence of his own at the hearing - let alone evidence to contradict Dr. Luis's conclusions - there is no reason to doubt Dr. Luis's recommendation that Defendant should be found competent to stand trial.

Therefore, based on the evidence adduced at the hearing, including Dr. Luis's forensic report and testimony, the Court **FINDS** by a preponderance of the evidence that Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; Defendant also has a rational, as well as factual, understanding of the proceedings against him.

### III. CONCLUSION

Based on the testimony at the December 21, 2011 hearing and the conclusions in Dr. Luis's forensic report, the Court **REPORTS** and **RECOMMENDS** that Defendant be found competent to stand trial pursuant to 18 U.S.C. § 4241.

SO REPORTED and RECOMMENDED this 4th day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE