FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG -1 PM 2:23
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA   *
                           *
v.                         *   CR 311-006
                           *
MAURICE M. O'NEAL          *

# O R D E R

On January 19, 2012, Defendant Maurice M. O'Neal pled guilty to a charge of felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1). Defendant also qualified as an Armed Career Criminal, under 18 U.S.C. § 924(e), based upon two prior convictions for burglary and two prior convictions for aggravated assault. Ultimately, Defendant received a sentence of 180 months.

On August 13, 2015, Defendant filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. One of the grounds raised therein was whether Defendant's two prior burglary convictions qualify as predicate offenses under the Armed Career Criminal Act under Johnson v. United States, 576 U.S. ---, 135 S. Ct. 2551 (2015). Upon concluding that they do, the Court denied Defendant's § 2255 motion on February 1, 2016. Having been granted authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion, Defendant filed his second § 2255 motion on August 18, 2016, again attacking the use of the two

prior burglary convictions as predicate offenses under the Armed Career Criminal Act after Johnson. Again, this Court determined that the burglary convictions are valid predicate offenses and denied habeas relief to Defendant.

On July 29, 2019, Defendant submitted a letter that has been docketed as a motion for relief from judgment. Therein, Defendant states that he believes "new cases" have come down that may pertain to him. While this letter seeks no specific relief and cites no case authority, the Court will presume, based upon his offense of conviction, that Defendant is referring to the recent decision of Rehaif v. United States, --- U.S. ---, 139 S. Ct. 2191 (Jun. 21, 2019).[1] In Rehaif, the United States Supreme Court held that the Government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm, which in Rehaif was an illegal alien, see 18 U.S.C. § 922(g)(5).

Clearly, Defendant is attempting to attack the legality of his sentence, which must be done by filing a petition for habeas corpus relief under 28 U.S.C. § 2255. As the Court pointed out, however, Defendant has already filed two § 2255 motions. In order for him to bring another § 2255 motion, Defendant must move the Eleventh Circuit Court of Appeals for an order authorizing this

---

[1] As noted, Defendant has already unsuccessfully challenged his designation as an Armed Career Criminal under Johnson.

Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). This Court does not have jurisdiction to address Defendant's motion for relief under Rehaif or any other case without such authorization.[2] Accordingly, Defendant's motion for relief from judgment (doc. no. 108) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Eleventh Circuit recently denied a petitioner's application for leave to file a second or successive § 2255 motion because Rehaif did not announce a new rule of constitutional law and it has not been made retroactive to cases on collateral review. In re Palacios, 2019 WL 3436454 (11th Cir. Jul. 30, 2019). The Court notes that the instant case appears to be similar to the Palacios case in all relevant respects.