IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MAURICE O'NEAL,        )
        )
       Petitioner,     )
        )
    v.          )      CV 321-029
        )     (Formerly CR 311-006)
UNITED STATES OF AMERICA,    )
        )
       Respondent.    )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this civil action be **CLOSED**. The Court further **RECOMMENDS** that Petitioner be **DENIED** appointment of attorney, a COA, and permission to appeal IFP.

## I.     BACKGROUND

On May 4, 2011, the grand jury in the Southern District of Georgia charged Petitioner in a one-count indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. O'Neal, CR 311-006, doc. no. 1 (S.D.

Ga. May 4, 2011) (hereinafter "CR 311-006").  Represented by appointed counsel, Matthew Waters, Petitioner pled guilty on January 19, 2012, to the felon in possession charge, pursuant to a negotiated plea agreement containing a limited appeal and collateral attack waiver provision.  Id., doc. nos. 37-42.

On May 8, 2012, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 120 months imprisonment, along with a five-year term of supervised release, a $2,500 fine, and a $100 special assessment.  Id., doc. no. 48.  Judgment entered three days later.  Id.  The government filed a direct appeal challenging the duration of the sentence, which the Eleventh Circuit granted and remanded for re-sentencing.  Id., doc. no. 59. On May 30, 2013, Judge Bowen vacated the 120-month sentence and re-sentenced Petitioner to fifteen years imprisonment, with all other terms to remain the same.  Id., doc. nos. 64, 65, 74. Petitioner filed a direct appeal, which the Eleventh Circuit affirmed on June 5, 2014.  Id., doc. no. 77.

Petitioner filed his first § 2255 motion in this Court on August 13, 2015.  See O'Neal v. United States, CV 315-070, doc. no. 1 (S.D. Ga. Feb. 1, 2016) (hereinafter "CV 315-070").  Petitioner asserted two of his prior burglary convictions did not qualify as predicate offenses under the ACCA under Johnson v. United States, 576 U.S. ---, 135 S. Ct. 2551 (2015).  Id. doc. no. 1.  On February 1, 2016, Judge Bowen adopted the Report and Recommendation concluding Petitioner's offenses qualified under the ACCA, and dismissed the § 2255 motion.  CV 315-070, doc. no. 8.

Having been granted authorization from the Eleventh Circuit, Petitioner filed his second § 2255 motion on August 18, 2016, wherein he again argued two of his prior burglary convictions did not qualify as predicate offenses under the ACCA.  See O'Neal v. United

States, CV 316-066, doc. no. 1 (S.D. Ga. Apr. 11, 2017) (hereinafter "CV 316-066").  On April 11, 2017, Judge Bowen adopted the Report and Recommendation concluding Petitioner's offenses qualified under the ACCA, and dismissed the § 2255 motion.  CV 316-066, doc. no. 8.

On July 29, 2019 Petitioner submitted a letter to the Court in which he stated the belief "new cases" recently issued pertain to him.  CR 311-006, doc. no. 108. Petitioner included no specific relief sought and cited no authority.  Id.  The Court presumed Petitioner sought to file a third § 2255 motion on the basis of Rehaif v. United Sates, 139 S. Ct. 2191 (Jun. 21, 2019).  Id. doc. no. 109.  On August 1, 2019 Judge Bowen denied Petitioner's motion as successive without prior approval from the Eleventh Circuit.  Id.

Petitioner signed the instant § 2255 motion on April 18, 2021.  (Doc. no. 1, p. 18.) Petitioner states "there [are] some new laws that have come out that can help me," but again fails to clarify any specific relief he seeks or cite any authority.  (Id. at 14.)  Petitioner also states he cannot "read or spell", he has "no help with [his] case", and he "needs to talk to the court about my learning disability."  (Id. at 1, 4, 12.)  Petitioner does not report seeking permission from the Eleventh Circuit to file his numerically fourth § 2255 motion .

## II.    DISCUSSION

The § 2255 motion presently cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).  Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated.  In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863.  The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007).  Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A):  Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original).  Indeed, AEDPA

was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222); see also Amodeo v. United States, 743 F. App'x 381, 384 (11th Cir. 2018) (*per curiam*) (applying Stewart).

Here, Petitioner has previously filed three § 2255 motions, two of which were dismissed on the merits and a third that was dismissed as successive. See 315-070, doc no. 8; CV 316-016, doc. no. 11; CR 311-006, doc. no. 109.[1] No intervening *factual* defect has come into existence and caused Petitioner's claim to ripen in the time between Petitioner's first motion and the instant motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). Petitioner's latest § 2255 motion revolves around "some new laws that have come out" and therefore, Petitioner's request is properly classified as "second or successive" in the sense contemplated by § 2255. Leal Garcia, 573 F.3d at 221

Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's claim. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the

---

[1]A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

Further, to the extent Petitioner's pleas for assistance are construed as a motion to appoint an attorney to assist in this or future habeas filings, the Court recommends **DENYING** such motion. There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[2]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 145 (2015 ed.) (citations omitted).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. To decide whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989). Currently, Petitioner has provided no details supporting his claim for the Court to consider. Further, while Petitioner complains about his ability to read and write, he has effectively communicated with the Court, as evidenced by submission of his numerous *pro se* § 2255 petitions. Therefore, Petitioner should not be granted the assistance of Counsel.

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in Brown v. United States, 407 CV 085, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues regarding the instant § 2255 motion, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted."); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed notice of appeal). Since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

7

### III.     CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit for consideration, and that this civil action be **CLOSED**.  The Court further **RECOMMENDS** that Petitioner be **DENIED** appointment of attorney, a COA, and permission to appeal IFP.

SO REPORTED and RECOMMENDED this 6th day of May, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA